[Civ. No. 15044. Third Dist. June 16, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF COLUSA COUNTY, Respondent;
DAVID MICHAEL BROWN, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, and Eddie T. Keller, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

James Wurschmidt for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—The People petition for appropriate writ relief (Pen. Code, § 1538.5, subd. (o)) following grant by the superior court of the motion of the real party in interest, David Michael Brown (hereinafter "defendant"), to suppress evidence seized in the execution of a search warrant on premises occupied by defendant. The trial court concluded that the affidavit in support of the warrant was insufficient in that there was no statement of fact therein justifying a search at that particular location.

The motion to suppress followed the filing of an information charging defendant with burglary (Pen. Code, § 459) and grand theft (Pen. Code, §§ 484, 487). The charges were based upon the theft of personal property in the burglary of a residence in Colusa, California.

In that the instant proceeding turns upon the sufficiency of the affidavit for search warrant, the affidavit is set out in part as follows:

"STATE OF CALIFORNIA)
                     ) SS
  COUNTY OF COLUSA)

"Personally appeared before me this 8th day of October, 1974, Eloy Zaragoza, Sargeant [*sic*] of the Colusa Police Department, City of Colusa, County of Colusa, of the State of California, a peace officer, who on oath, makes complaint and deposes and says that he has, and there is reasonable and probable cause to believe, and that he does believe as follows:

"1. That there is now in the County of Colusa a single family dwelling and garage at 1127 Fremont Street, Colusa, California. That said house is now, and has been at all times mentioned herein, occupied by one David Michael Brown.

"2. That there is so located in said house and garage a quantity of stolen property, to wit:

[At this point the affidavit describes in detail numerous items of personal property.]

"That the property to be seized constitutes evidence which tends to show a felony has been committed, or tends to show that a particular person has committed a felony.

"3. Affiant has been employed as a policeman for the City of Colusa for eight years and has acted on and received the information set forth in this affadavit [*sic*] in that capacity and alleges that the facts in support of the issuance of the search warrant are as follows:

"(a) That on or about September 7, 1974, between the hours of 1:30 A.M. and 7:15 A.M. the residence of Lucille DeJarnatt, 325 Tenth Street, Colusa, California, was burglarized and the aforementioned property was removed from the premises.

"(b) That upon investigation of the burglary affiant found clear latent fingerprints at the point of entry on the northeast second floor bedroom window and on a blue glass bottle inside the residence. The fingerprints were later identified as those made by David Michael Brown by the Investigative Services Branch of the California Department of Justice.

"(c) That affiant was informed by one William Wheeler, a police officer for the Colusa Police Department, that he observed David Michael Brown and Gary Thomas Thompson driving slowly by the DeJarnatt home in a brown jeep at or about 2:00 A.M. on September 7,

1974. Some 15 minutes later Officer Wheeler observed Gary Thomas Thompson driving the same vehicle alone in the vicinity of the DeJarnatt residence. About 45 minutes thereafter Officer Wheeler then observed Gary Thomas Thompson and David Michael Brown together in the brown jeep.

"(d) That William Wheeler is a reliable informant.

"Affiant has reasonable cause to believe that grounds for the issuance of a search warrant exist as set forth in Section 1524 of the Penal Code of the State of California based upon the aforementioned information, facts and circumstances.

"WHEREFORE, affiant prays that a search warrant be issued based upon this affadavit [*sic*] and petitions for seizure of the aforementioned stolen property, and that the same be brought before this magistrate or retained subject to the order of this court or of any other court in which the offense in respect to which the property or thing is triable, pursuant to Section 1536 of the Penal Code of the State of California.

"s/ ELOY ZARAGOZA
Eloy Zaragoza

"Subscribed and sworn to me this 8th day of October, 1974,

"s/ FRANK W. HUBBELL
Frank W. Hubbell, Judge

[SEAL]

"Attached hereto and marked Exhibit A: Declaration of William Wheeler.

"Attached hereto and marked Exhibit B: Physical Evidence Examination Report, submitted by Investigative Services Branch of the California Department of Justice."

The return to the search warrant disclosed that with the conspicuous exception of cash, most of the stolen items were recovered from the defendant's residence.

We preface our review of the sufficiency of the affidavit with a summary of decisional law prescribing the scope and manner of such

review. ■ The test to be employed in evaluating the sufficiency of an affidavit in support of a search warrant is whether the facts disclosed therein are sufficient to lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion that there is property subject to seizure in the place for which the warrant is sought. (See *People* v. *Stout* (1967) 66 Cal.2d 184, 192-193 [57 Cal.Rptr. 152, 424 P.2d 704]; *Skelton* v. *Superior Court* (1969) 1 Cal.3d .144, 150 [81 Cal.Rptr. 613, 460 P.2d 485].) In examining the affidavit to ascertain the presence or absence of probable cause, courts are enjoined to interpret the affidavit in a nontechnical, common sense manner. (*People* v. *Superior Court* (1972) 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183]; *Griffin* v. *Superior Court* (1972) 26 Cal.App.3d 672, 689-690 [103 Cal.Rptr. 379].) As stated by the United States Supreme Court in *United States* v. *Ventresca* (1965) 380 U.S. 102, at pages 108-109 [13 L.Ed.2d 684, at page 689, 85 S.Ct. 741]: "[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. ■ [¶] Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution òf doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (See *People* v. *Superior Court, supra,* 6 Cal.3d at p. 711.)

The California Supreme Court has stated: " 'An evaluation of the constitutionality of a search warrant should begin with the rule that "the informed and deliberate determinations of magistrates empowered to issue warrants . . . are to be preferred over the hurried action of officers . . .

who may happen to make arrests." ' Thus when a search is based on a warrant (and therefore on a magistrate's rather than a police officer's determination of probable cause) the reviewing courts 'will accept evidence of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant." . . . [citation] and will sustain the judicial determination so long as "there was substantial basis for [the magistrate] to conclude . . ." ' that the contraband was probably present." (*Skelton* v. *Superior Court, supra,* 1 Cal.3d at pp. 149-150, quoting from *Aguilar* v. *Texas* (1964) 378 U.S. 108, 111 [12 L.Ed.2d 723, 726, 84 S.Ct. 1509]; see also *Frazzini* v. *Superior Court* (1970) 7 Cal.App.3d 1005, 1013 [87 Cal.Rptr. 32]; *People* v. *Garnett* (1970) 6 Cal.App.3d 280, 285-286 [85 Cal.Rptr. 769].) A search warrant sufficient upon its face is invalid only if, as a matter of law, the affidavit is insufficient. (See *People* v. *Scott* (1968) 259 Cal.App.2d 268, 279 [66 Cal.Rptr. 257].)

■ The facts set out in the instant affidavit create a very strong suspicion of defendant's guilt. He was seen with a companion near the scene of the burglarized residence in the early morning hours during the time the burglary was committed and his fingerprints were found in the burglarized residence. The officers had sufficient probable cause reasonably to believe that defendant was guilty of the burglary. Rather than procuring a search warrant first, they could properly have arrested defendant and obtained a search warrant thereafter.

Defendant asserts that the affidavit is insufficient in that the allegation of his residence in the premises to be searched is conclusionary. He relies on cases asserting that mere affirmance of belief in or suspicion of defendant's guilt is not enough to support a warrant. (See *Nathanson* v. *United States* (1933) 290 U.S. 41 [78 L.Ed. 159, 54 S.Ct. 11].) The trial court in its memorandum opinion characterized the statement in the affidavit concerning defendant's residence as "a recital of a *reason* for the application" and not "a statement under oath as to the fact . . . that defendant . . . in some manner occupied or had control over the subject premises or placed the items therein." (Original italics.) The trial court concluded that the statement was one of " 'belief' and not one of 'fact' " and thus furnished insufficient grounds for a search of the defendant's premises.

We disagree with the trial court. There is no reason in law or logic to disparage such an allegation as a mere recital of belief not worthy of credit. Viewed in a common sense rather than a hypertechnical way, the

allegation of residence is a direct averment under oath of the fact asserted and therefore was properly considered by the magistrate.

We further conclude that the allegation of residence, considered in conjunction with the accompanying averments, in itself supplies sufficient reason to search the particularly described premises even in the absence of independent corroboration thereof. Hearsay reports of one's place of dwelling are easily verified and thus not inherently suspect in the same way as commonly circulated reports of criminal activity which may well be the product of nothing "more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." (*Spinelli* v. *United States* (1969) 393 U.S. 410, 416 [21 L.Ed.2d 637, 644, 89 S.Ct. 584].) Assuming, however, that essential but intrinsically non-incriminating facts must be shown to be within the personal knowledge of the declarant (cf. *Frazzini* v. *Superior Court, supra,* 7 Cal.App.3d at pp. 1013-1014; *People* v. *Webb* (1973) 36 Cal.App.3d 460, 468 [111 Cal.Rptr. 524]), the affiant herein, a police officer, purported to speak with personal knowledge of defendant's place of residence. A police officer is presumptively reliable in the official communication of matters within his direct knowledge. Considered in conjunction with affiant's eight years of service as a policeman in the same community, the allegation of residence was sufficient to justify the magistrate in finding probable cause to search the residence allegedly occupied by defendant. (See *Aguilar* v. *Texas, supra,* 378 U.S. 108; *People* v. *Superior Court, supra,* 6 Cal.3d at p. 711.)

Finally, defendant asserts that the affidavit does not contain facts from which the magistrate could conclude that the items stolen from the victim were in defendant's residence at the time the warrant was sought. The affidavit alleges that the burglary occurred on or about September 7, 1974. The affidavit was executed and the warrant issued on October 8, 1974. The stolen property included small antiques and credit cards, items which would require protection from the elements and fortuitous harm.

"The situation here does not differ markedly from other cases wherein this court and others, albeit usually without discussion, have upheld searches although the nexus between the items to be seized and the place to be searched rested not on direct observation, as in the normal search-and-seizure case, but on the type of crime, the nature of the missing items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide stolen property." (*United States* v. *Lucarz* (9th Cir. 1970) 430 F.2d 1051, 1055.)

We conclude that the affidavit contained facts sufficient to justify a reasonable belief that defendant had removed the items of stolen property to his residence for safekeeping and concealed them therein.

The stay of proceedings heretofore issued is vacated. A peremptory writ of mandate will issue directing the trial court to set aside its order suppressing the evidence and to enter an order denying the motion to suppress.

Regan, J., and Paras, J., concurred.