337 So.2d 1090 (1976)
STATE of Louisiana
v.
Ronnie TURNER and Johnnie Lee Turner.
No. 57644.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 15, 1976.
Dissenting Opinion October 20, 1976.
*1091 Tucker L. Melancon, Marksville, for Ronnie Turner.
Michael F. Kelly, Marksville, for Johnnie Lee Turner.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Eddie Knoll, Dist. Atty., Jeannette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendants Ronnie Turner and Johnnie Lee Turner were jointly charged by Bill of Information with simple robbery, in violation of La.R.S. 14:62, and convicted after trial by jury. Thereafter they were each sentenced to serve nine years in the custody of the Louisiana Department of Corrections. They have each assigned eight purported errors in connection with their appeal but have argued in brief and orally only five of such assignments. Accordingly three of the assignments will be deemed abandoned. State v. Domingue, 298 So.2d 723 (La.1974).
ASSIGNMENT OF ERROR NO. 1.
Defendants assign as error that the judge erred in submitting to the jury, and advising them of, only two responsive verdicts as to each defendant, namely, guilty as charged and not guilty.
They point out that, under the terms of La. C.Cr.P. art. 814(A)(41), at the time of this trial on September 15, 1975, responsive verdicts to the charge of simple robbery included, besides guilty as charged and not guilty, guilty of attempted simple burglary. Defendants are correct in their assertions that the law did indeed at the time of this trial require the submission of the additional responsive verdict, guilty of attempted simple burglary.
However, defendants are incorrect in labeling the foregoing argument in brief an assignment of error, for in fact there was no objection made during the course of the trial with respect to the foregoing and there is in this record no assignment of error with respect thereto.
Counsel for the defendants concedes the foregoing and argues in brief that submission of inadequate responsive verdicts to the jury constitutes an omission of error "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence" under the provisions of article 920(2).
The legal question thus submitted has just recently been decided adversely to the defense position when in State v. Craddock, 307 So.2d 342 (La.1975), we held that
"alleged error concerning the sufficiency of the list of responsive verdicts given the jury, like error in the judge's charge to the jury, is not reviewable under Art. 920(2) and may not be considered unless objection is made in the trial court in time for the trial judge to correct the error." (p. 343)
*1092 Accordingly there is no merit in the defendants' "assignment of error number one."
ASSIGNMENT OF ERROR NO. 2.
Following their conviction and prior to sentencing, each defendant filed a motion in arrest of judgment on the ground that the bill of information was defective. They complained that essential averments of the crime of simple burglary were missing from the indictment, specifically that it failed to allege the entry of a building or structure, belonging to a person other than the accused. This complaint had not been raised prior to trial, nor even prior to conviction. The trial court's rulings denying the motions are assigned as error.
The bill of information charges that Ronnie Turner and Johnnie Lee Turner "did enter without authority Poret's located in Cottonport, Avoyelles Parish, Louisiana, with the intent to commit a theft therein." The bill did not comply with the short form of indictment, of La.C.Cr.P. art. 465(A)(14), which provides:
"Specific indictment forms
A. The following forms of charging offenses may be used, but any other forms authorized by this title may also be used:
. . . . . .
14. Simple burglaryA.B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C.D." (emphasis added)
The indictment does, however, substantially trace the language of the statute (R.S. 14:62) which provides:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or theft therein . . ." La. R.S. 14:62.
Defendants cite a number of cases which held that an indictment charging an individual with burglarizing a business was fatally defective, "there being no charge that any house, structure, or place was broken into and entered." (emphasis added) State v. McDonald, 178 La. 612, 152 So. 308 (1934).
But since the decision of State v. James, 305 So.2d 514 (La.1974), this sort of technical exactitude has not been required of the indictment. James held that:
"* * * [W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense charged by it through examination of the pleadings and the evidence in the instant prosecution."
Defendants do not claim to have been prejudiced in the preparation of their defense by the deficiency in the indictment, and while both defendants filed motions for bills of particulars, neither requested further information as to the location of the alleged burglary. A mere reading of the information negatives defendants' contention that they were deprived of their constitutional right to be informed of the nature and cause of the accusations against them. La.Const.1921, Art. I, § 10, La.Const.1974, Art. I, § 13. There was no substantial defect in the indictment, then, as defendants allege, but simply a technical insufficiency which cannot be raised for the first time after conviction.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 6.
Defendants assign as error the trial court's refusal, after a hearing, to grant their motions to suppress physical evidence obtained pursuant to an allegedly invalid search warrant. They contend that the affidavit authorizing the search and subsequent seizure did not contain sufficient specific facts upon which a neutral magistrate could make an independent determination that probable cause existed as required by *1093 the fourth amendment via the fourteenth amendment.
The affidavit at issue states:
"THAT A SEARCH WARRANT SHOULD ISSUE FOR THE SEARCH OF .....
Johnny Turner residence located on Ciro St. siracusa subdivision 6th Ward Morgan City, La. this House trailer being cream in color with brown trim. This trailer located the second residence on the South side of Ciro St. West of Joseph Street...... FOR THE PURPOSE OF SEIZING THE FOLLOWING DESCRIBED PROPERTY .....
Clothing: Western style shirts, Knit Dress Pants and suits
..... FOR THE FOLLOWING REASONS:
Received information from an informant that he has personal knowledge that the above mentioned clothing is in this above mentioned house trailer. The informant saw the clothing and was told by one of the people who had the clothing that they were stolen out of a store in Cottonport, La. I have used this informant in the past and his information has resulted in arrests and convictions. Informant wishes to remain anonymous. Permission is granted to conduct this search in the daytime, nighttime, Sundays and holidays."
Defendants point specifically to the following language in the affidavit: "The informant saw the clothing and was told by one of the people who had the clothing that they were stolen out of a store in Cottonport, La." Defendants argue (in part) that the affidavit is fatally defective because it does not contain sufficient facts to support a finding by the issuing judge that the incriminating statement given by the third party to the informant (that the clothes were stolen from a store in Cottonport, La.) was reliable.
Considering the probable cause requirement for the issuance of a valid search warrant under the Fourth Amendment to the United States Constitution, the United States Supreme Court in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) found invalid an affidavit which merely stated that police officers had "received reliable information from a credible person and do believe" that narcotics were being illegally stored on the described premises.
The Court held that when an affidavit is based upon hearsay information, it must contain some of the circumstances supporting both the informant's conclusion, and the affiant's conclusion that the informant was reliable, to afford the issuing magistrate an opportunity to reach an independent determination that probable cause exists to make the search.
Applying the standard set forth in Aguilar, the United States Supreme Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) found insufficient a more detailed affidavit. The affidavit alleged that the FBI had observed Spinelli frequenting an apartment which had two separate telephones listed in another name, that Spinelli was known to the affiant as a bookmaker and a gambler, and that a reliable confidential informant had reported that Spinelli was conducting a bookmaking operation on those two telephone lines. In finding that the two-pronged test in Aguilar had not been met, the court held that a statement that the informant was reliable, without more, was not sufficient. More importantly, the court ruled that if the informant was relying on another source, the affidavit should contain some information establishing the reliability of the source. Where the source of the information supplied by the informant is not disclosed, the court held, "it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." 89 S.Ct. at 589.
However, the Court carefully noted:
"In holding as we have done, we do not retreat from the established propositions *1094 that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, [18 L.Ed.2d 62] (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, [13 L.Ed.2d 684] (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 270-271, 80 S.Ct. 725, 735-736, [4 L.Ed.2d 697] (1960)."
Finding that the standards set forth in Aguilar and Spinelli had been sufficiently complied with, the United States Supreme Court in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, held valid a search warrant issued upon an affidavit containing an assertion that the informant over an extended period had been buying illicit liquor on certain premises described therein. The court held:
"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibilitysufficient at least to support a finding of probable cause to search." 91 S.Ct. at 2082.
Reviewing and applying these decisions, we find that defendants' contentions are without merit. Here, the informant reported his personal observation of the clothing in defendant's trailer and stated that he had been told by one of the people who had the clothing that it was stolen out of a store in Cottonport, Louisiana. The declaration made by the third party (a person "who had the clothing") was an admission against his penal interest (La.R.S. 14:69 makes criminal the procuring, receiving or concealing of stolen goods) and under United States v. Harris, supra, this admission was sufficient to lend credibility to the statement made and relied upon by both the informant and the affiant.
Admittedly the admission against penal interest in Harris was by the informant to the affiant-policeman, while in this case the admission against penal interest was by the possessor to the informant. We do not find that the foregoing distinction between the facts of Harris and this case warrants a different result. Like the United States Supreme Court in Harris we believe here that common sense induces a prudent and disinterested observer to credit the possessor's statement transmitted to the affiant by the credible informant.
In sum there was probable cause for issuance of a search warrant in this case where a credible informant related to an affiant police officer that clothing which the informant had personally viewed in an apartment was, by the possessor thereof, admitted to have been stolen from a small town store.
We recently reaffirmed our position that, in judging the sufficiency of affidavits in support of search warrant applications, the trial court's determination of probable cause should be paid great deference by reviewing courts; further, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded the warrants. State v. Nix, Mule, Fulford, 327 So.2d 301 (La.1975). Thus, this part of defendant's assignment is without merit.
In addition, defendant Johnnie Lee Turner complains that the magistrate was not informed as to when the tip was received and therefore could not determine that probable cause still existed at the time the warrant was issued. The record discloses that the crime took place on July 7, 1975, and the warrant was issued on July 11, 1975.
*1095 In considering whether an affidavit referred to information sufficiently recent so as to justify a finding of probable cause at the time the search warrant was issued, the United States Supreme Court in Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932) stated
". . . it is manifest that the proof must be of facts so closely related to the time of the issu[ing] of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." (emphasis added)
Confronted with this question of timeliness, our Court in State v. Boudreaux, 304 So.2d 343 (La.1974) citing Sgro, stated:
"The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. . . .
"such an affidavit has been held to be adequate if, in a commonsense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale. See: Borras v. State, 229 So.2d 244 (Fla., 1969); State v. Clay, 7 Wash.App. 631, 501 P.2d 603 (1973); Sutton v. State, 419 S.W.2d 857 (Tex.Cr.App., 1967); Lewis v. State, 126 Ga.App. 123, 190 S.E.2d 123 (1972). See also Annotation, Search Warrant: Sufficiency of showing as to time of occurrence of facts relied upon, 100 A.L.R.2d 525 (1965)." 304 So.2d at 345-46.
The language used in the affidavit, stating that the informant "has personal knowledge that the above mentioned clothing is in this above mentioned house trailer," was sufficient to support a finding by the issuing judge that the affiant was describing a present and continuing circumstance to the date of the affidavit's expiration.
Accordingly, defendants' assignment number six lacks merit.
ASSIGNMENTS OF ERROR NOS. 7 and
Defendants each moved to quash the bill of information and filed a "motion seeking recognition and implementation of constitutional rights." In connection with each they assert that the failure of the State of Louisiana to implement a uniform system of securing and compensating qualified counsel violated their rights to equal protection and due process of law under Article 1, § 13 of the 1974 Louisiana Constitution. The motions were denied and these assignments of error result therefrom.
Louisiana Constitution of 1974, article I, § 13 provides in part:
". . . the legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents."
Defendants contend that the indigent defender system currently in operation in the State of Louisiana is not uniform that the legislature has not provided for a uniform system of securing and compensating qualified counsel to indigents as dictated by Article I, § 13.
This very issue has been answered by this Court contrary to the assertions of defendants herein in our recent case of State v. Bryant, 324 So.2d 389 (La.1976).[1] Accordingly there is no merit in defendants' assignments of error numbers seven and eight.
Accordingly the conviction and sentence of defendants are affirmed.
DENNIS, J., dissents with opinion.
DENNIS, Justice (dissenting).
I respectfully dissent. An error in the written list of responsive verdicts given to the jury for use during its deliberation should be considered an error discoverable on the face of the pleadings and proceedings. *1096 An error in a verdict written on the same sheet of paper containing the written list of responsive verdicts is considered to be an error of this magnitude and manifestation. State v. Comeaux, 277 So.2d 647 (La.1973); State v. Romero, 152 La. 728, 94 So. 370 (1923). The omission of a responsive verdict in the instant case foreclosed the jury from reaching a verdict provided by law. In my opinion the defendant was seriously prejudiced by a trial court error equally as apparent on the face of the record as an error in a verdict and the defendant's conviction and sentence should be reversed and remanded for a new trial. See State v. Craddock, 307 So.2d 342 (La. 1975) (Barham, J., dissenting).
NOTES
[1] As a matter of interest the Louisiana legislature has recently passed Act 653 relative to the indigent defender system of the state. That statute, not effective until the sixtieth day following the August 2 adjournment of the legislature, has yet to be reviewed by this Court.