DIXON, Justice.
The trial judge in this case sustained a motion to suppress, which had attacked the sufficiency of the affidavit upon which the search warrant was issued. On the State’s application, we granted writs to review the ruling.
The affidavit was executed before a judge by police officer Lester Thorne, and contained the following recitation:
“THE reasons and facts for the request of this search warrant are:
“Officer Lester Thorne, while assigned to the Fourth District report of meeting *146 Alfred Gisclair, W/M 18 residing 4412 Fields St. at 4409 Joycelyn St. at 5:15 P.M. on 3-13-76. From him officers learned the following: A man named Vincent residing at 6421 Medlock St. owes Alfred Gisclair money. On 3-13-76, Gisclair went to 6421 Medlock St. to collect his money from Vincent. While at 6421 Medlock St. Gisclair observed the above described stereo unit and television set. Gisclair is acquainted with the rightful owner (Calvin Young residing 4409 Joycelyn St.) of the property and recognized the property. Gisclair then went to 4409 Joyselyn St. and met Mr. Young who informed him that his property had been stolen in a burglary of his residence on 3-12-76 at approximately 11:15 A.M. At this time the owner of the property along with Mr. Gisclair notified the above mentioned officer.
“Gisclair pointed out 6421 Medlock St. to the officers, which is a single story duplex with dark brown bricks and dark brown wood trim. Officer observed 6421 Medlock St. to be the front apartment of the building which carries municipal numbers 6421 and 6423 Medlock St. The officer learned that the subject Vincent is a negro male about 25 yrs. 6'1" 175 and that the victim knows the subject, because the subject used to work for the complex. Also, the victim told the officer that Vincent had been in his apartment when he worked for the complex. “Based on the before mentioned facts the officer respectfully apply (sic) for this warrant.”
Defense counsel argued in the district court that there was nothing in the warrant to explain the reason that Gisclair recognized Young’s stereo and television. No specific argument supporting the ruling of the trial judge is contained in defendant’s brief before us. ■
There is no requirement that the affidavit do more than establish probable cause for the issuance of a search warrant. If the affidavit recites facts establishing to the satisfaction of the judge that probable cause exists for the issuance of a search warrant, it is sufficient. C.Cr.P. 162; State v. Paciera, 290 So.2d 681 (La.1974).
Here, the affiant recites that he was told by Gisclair that Gisclair had seen Young’s property in defendant’s house; that Gisclair learned from Young that his property had been stolen the day before; that Young and Gisclair reported the situation to the affi-ant. The affidavit further discloses that the affiant learned from Young that the defendant was known to Young, and that the defendant had previously been in Young’s apartment.
The affidavit is a recitation of factual matter, related by the affiant to the magistrate. If the circumstances disclosed by the affidavit clothe the recitation with indicia of authenticity, it is not required that eyewitnesses to the crime be produced before the magistrate in order that a warrant issue. The informant here is not an unknown person. His identity is established in the warrant. The reasons for his being where he was when he obtained the information are disclosed, and are credible. It is true that the affidavit does not disclose details explaining how Gisclair recognized the stereo and television as being that which belonged to Young. However, when Gisclair’s recognition of the property is coupled with the information that it had been stolen from Young the day before, and that the defendant had previously been in Young’s apartment, there was adequate factual information for the magistrate to conclude that the property in defendant’s possession was probably that which had been stolen from Young’s apartment.
Therefore, the ruling of the trial judge in sustaining the motion to suppress is reversed, and the case is remanded to the district court for further proceedings in accordance with law.