350 So.2d 1178 (1977)
STATE of Louisiana
v.
Willie SMITH, Jr.
No. 59595.
Supreme Court of Louisiana.
October 10, 1977.
Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
*1179 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, Dist. Atty., William E. Tilley, First Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State indicted Willie Smith, Jr., for the possession of heroin with the intent to distribute, a violation of LSA-R.S. 40:966. After trial, the jury returned a responsive verdict of guilty of possession of heroin. The court sentenced defendant to nine years imprisonment. Defendant appeals his conviction and sentence, relying upon nine assignments of error. However, finding reversible error in his first assignment, we pretermit the remaining eight.
The context facts are that:
On November 16, 1974, a search warrant was issued, authorizing the search of Willie Smith's person, car, and motel room. In executing the warrant, police stopped defendant in his car and informed him of the search warrant. The police then searched defendant's clothing and found a matchbox containing eight packets of heroin. Within one or two minutes, Officer Parker arrived on the scene with the warrant and presented it to the defendant. After being given the matchbox containing the heroin found by his fellow officers, Parker arrested defendant and searched his person a second time. This second search produced a ninth packet of heroin. Subsequent searches of the car and the motel room yielded no additional contraband.
In his motion to suppress, defendant contends that the search warrant is invalid because the affidavit on which it issued did not contain sufficient facts warranting probable cause. The affidavit reads as follows:
"T/C Vernon Parker of the La. State Police narcotic section has on several occasions received information that Willie Smith was selling heroin in the Leesville area.
"On November 15th T/C Parker received information from a confidential reliable informant that Willie Smith departed Leesville in route to Beaumont, Texas for the purpose of obtaining a quantity of heroin and returning to Leesville and selling it.
"On this date T/C Parker was again contacted by this reliable informant who, stated that, Willie Smith returned to Leesville at 8:00 A.M. this date and to his knowledge had sold three hits of heroin within an hour. The reliable informant states that Smith will be holding additional heroin at this time.
"The confidential reliable informant has been reliable to T/C Parker for approximately six years and has led to the arrest and conviction of several narcotics users and sellers. The informant is also paid by T/C Parker to obtain this type of information." (Emphasis added.)
Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. State v. Sierra, La., 338 So.2d 609 (1976); State v. Hightower, La., 272 So.2d 363 (1973). The magistrate must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Sierra, supra; State v. Holmes, 254 La. 501, 225 So.2d 1 (1969).
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court held that when a search warrant is based solely on hearsay, the affidavit must indicate some of the underlying circumstances on which the informant bases his conclusions and some of the circumstances supporting the informant's credibility. Then, in State v. Paciera, La., 290 So.2d 681 (1974), we outlined the requisites in an affidavit, as follows:
"If we can deduce a rule from these cases, it is this: The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient *1180 to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an un identified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the information reported include (a) direct personal observation by the informant, or (b) if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information. See State v. Linkletter, 286 So.2d 321 (La. Sup.Ct.1973)."
The affidavit in the present case sets forth that the informant had given prior accurate reports which led to several arrests and convictions. These facts are sufficient to establish the reliability of the unidentified informant. State v. Sierra, supra; State v. Roach, La., 322 So.2d 222 (1975); State v. Humble, La., 309 So.2d 138 (1975); State v. Paciera, supra.
In addition, the affidavit must demonstrate the reliability of the information provided by the informant. The information's reliability may be established by (1) the informant's personal observation, State v. Harris, La., 343 So.2d 145 (1977); State v. Culotta, La., 343 So.2d 977 (1976); State v. Paciera, supra, or (2) the recitation of the facts upon which the informant based his conclusion, State v. Sierra, supra; State v. Vince, La., 305 So.2d 916 (1974).
The supporting affidavit recites that the confidential informant told Officer Parker that Smith went to Beaumont, Texas, to purchase heroin in order to return to Leesville and sell it, and that Smith returned at 8:00 that morning and "to his knowledge" had made three heroin sales within an hour.
The affidavit does not set forth that the informant personally observed the various events reported or had direct personal knowledge of the factual allegations recited. The informant could well have been relying upon hearsay information or could have reached his own conclusion from circumstantial evidence. The affidavit does not disclose how the information was acquired. Hence, the affidavit failed to demonstrate the reliability of the information.
In State v. Humble, supra, we held that when the affidavit merely contained unsubstantiated rumors and conclusory statements, it provided no adequate basis for a magistrate's finding of probable cause.
When questioned regarding the information given by his paid informant, the affiant officer was asked whether he asked the informant how he obtained the information. He replied that he did not.
"Q. Do you know, Trooper Parker, how this informant knew that Willie Smith had gone to Beaumont?
"A. No I don't. (Record p. 80.)
"* * *
"Q. Did you ask this informant how he got that information (that Smith had sold the heroin after returning from Beaumont)?
"A. No I didn't." (Record p. 82.)
The search warrant is fatally defective. Consequently, all evidence obtained as a result of the execution of the warrant, the nine packets of heroin found on defendant's person, must be suppressed. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
For the reasons assigned, the conviction and sentence are reversed. The case is remanded for a new trial consistent with law and the views herein expressed.