354 So.2d 508 (1978)
STATE of Louisiana
v.
Stanley GILBERT.
No. 60227.
Supreme Court of Louisiana.
January 30, 1978.
*509 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Marvin Opotowsky, Asst. Dist. Atty., for plaintiff-relator.
David F. Craig, Jr., W. Miriam G. Waltzer, New Orleans, for defendant-respondent.
DIXON, Justice.
By bill of information Stanley E. Gilbert was charged with possession of an unregistered sawed-off shotgun having a barrel of less than twenty inches in length, in violation of R.S. 40:1784. Gilbert was arrested when a search of his residence pursuant to a search warrant turned up the shotgun. Defendant moved to suppress the evidence and, after hearing, the trial judge granted the motion. On application of the State, we granted supervisory writs to review the ruling. State v. Gilbert, 350 So.2d 890 (La.1977).
The sole issue presented for our review is whether the affidavit sufficiently set forth facts and circumstances from which the magistrate could reasonably have concluded that probable cause existed for issuance of the search warrant. C.Cr.P. 162.
Detective Elliot Fassbender submitted an affidavit in support of his application for a search warrant which stated, in relevant part: ". . . El
On March 2, 1977, at or about 8:00 PM, Officer Fassbender met a confidental (sic) informer, whose information has led to arrest and convictions in the past, who stated that he had information on who was committing burglaries of businesses in the Third District Police area.
Informant then stated that Paul Varona and Randy Gilbert committed two burglaries, namely Lakeshore Shoe Store on Prentiss Avenue and Tusa's Drug Store on Elysian Fields Avenue. Informant also stated that Varona told him that when he and Gilbert hit the drug store they almost got caught by the Police, but managed to run away and had to leave Varona's motor bike at the drug store. Varona also bragged about how stupid the Police was because he later that night he called the Police and reported his bike stolen from the front of his house and the Police believed him. Varona also told the *510 informer that when he and Gilbert ripped the shoe store they knew that the Police would come looking for them so they stored the property at Shaune Richardson's house for a few days and then later divided the property up giving Richardson a share.
On March 8, 1977, Officer Fassbender secured two Police Reports of Business Burglaries, one at Lakeshore Shoe Store, 2413 Prentiss Avenue under Item #B-33-77, which occurred 02-01-77 at approximately 1:25 AM, and two at Tusa's Drug Store, 5215 Elysian Fields Avenue under Item #B-10578-77, which occurred 02-13-77 at approximately 1:05 AM. Upon checking the body of the report concerning the shoe store it was learned that $178.00 in U. S. Currency and coins, five dozen dress belts, colors brown and black, five plain wood sticks, and assorted colored shoe laces were taken. Also in the report it was learned that Desk Officer R. Hankenhof had received an anonymous phone call at the Third District Station on 02-01-77 at or about 1:30 AM that Varona and Randy Gilbert were breaking into the shoe store on Prentiss Avenue. However, upon arrival of the reporting officers the subjects had already fled the scene. Also reporting officers made checks of the residences of Varona and Gilbert, but neither subject was at home nor could the officers determine there (sic) whereabouts.
Officers then checked the report concerning the drug store and learned that all the property stolen had been recovered by officers at the scene after the subjects were chased by the Police from the drug store. A short distance from where the stolen property was recovered and (sic) abandoned motorbike was found. At 4:10 AM the reporting officers were notified by the subject, Paid Varona that someone had stolen his Honda 350 Motorcycle LA. license #7503 from in front of his residence reported under Item #B-10695-77. It should be noted that this was the same motorcycle by the scene of the burglary.
A N.O.P.D. Computer Check revealed that Shawn Richardson, W/M, age 17, resides 5411 Paris Avenue, that Randy Gilbert, W/M, age 19, resides 1712 Lark Street and that Paul Varona, W/M, age 16, resides 5535 St. Roch Street. The above addresses were then checked and it was verified that the subjects still resided at these residences.
On March 10, 1977 at approximately 1:00 PM, Officer Fassbender again spoke to the informer. The informer stated that since he last talked with the officer that he had gone to all three subjects' houses and had observed new various brown and black hand-made leather belts at all three houses.
For the above reasons and facts the officer feels that the Search Warrant should be signed and executed.
. . ."abo
Based upon the affidavit a warrant was issued for search of the premises at 1712 Lark Street, specifically naming as concealed property five dozen brown and black dress belts, five plain wood sticks, and assorted shoelaces. The shotgun was uncovered behind a bed in defendant's room in the course of the search.
Although the trial judge did not assign reasons for granting the motion to suppress, he apparently found that the affidavit did not provide a sufficient basis for a finding of probable cause. For the reasons set forth below, we hold that the affidavit was adequate and thus the trial court erred in suppressing the evidence.
In State v. Paciera, 290 So.2d 681, 685-86 (La.1974), we established the following rule to scrutinize a supporting affidavit which relies upon informant supplied information to obtain a search warrant:
". . . The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an un identified *511 informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information. See State v. Linkletter, 286 So.2d 321 (La.Sup.Ct.1973)." (Emphasis added by author).
At the outset we note that the affidavit which sets forth that the confidential informant has supplied information which has led to arrests and convictions in the past is sufficient to establish the reliability of the informant. See State v. Smith, 350 So.2d 1178 (La.1977); State v. Martin, 318 So.2d 25 (La.1975); State v. Humble, 309 So.2d 138 (La.1975).
Defendant makes various arguments in brief to show that the underlying facts and circumstances set forth in the affidavit were insufficient to support a finding that the information was reliable.
Defendant first contends that there is nothing in the affidavit to link him to the crime; he argues that the only connection between him and the criminal activity described in the affidavit is that he is Randy Gilbert's brother and lives at the same address. The affidavit need not make such a connection. As long as the affidavit sets forth facts sufficiently establishing that evidence of a crime is presently on the premises to be searched, defendant cannot object that the affidavit does not establish probable cause as to each occupant of the house. State v. Porter, 344 So.2d 1031 (La.1977).
Defendant next argues that the statements allegedly made by Paul Varona in regard to his and Randy Gilbert's participation in burglaries of the Lakeside Shoe Store and Tusa's Drug Store should not be credited as reliable. However, in State v. Turner, 337 So.2d 1090 (La.1976), we held that an admission against penal interest made by the possessor of property to an informant indicates credibility. See also State v. Ballansaw, 350 So.2d 146 (La.1977). Although this information alone could not serve as a basis for establishing probable cause that certain stolen goods could be found at 1712 Lark Street such an admission can be considered reliable and, along with other facts and circumstances set forth in the affidavit, may constitute probable cause.
Defendant further contends that the magistrate could not determine from the affidavit the credibility of an anonymous individual who tipped Desk Officer R. Hankenhof on February 1, 1977 that Randy Gilbert and Paul Varona were breaking into the shoe store. The reliability of that anonymous tipster is not at issue, however. The purpose of including the report of the tipster's phone call was to corroborate the information provided by the confidential informant to the affiant, Officer Fassbender, that there had been a burglary in which Varona and Randy Gilbert were involved. It is the reliability of the latter informant that must be, and has been, established by the affidavit.
We are satisfied that the reliability of the information and its sufficiency for a finding of probable cause were established in the affidavit. Contained in the affidavit were boasts made by Paul Varona, a participant in both burglaries, connecting him and defendant's brother to the crimes. In addition Varona admitted leaving his motorbike at the drug store and reporting it stolen to the police. Corroborating this claim was a police report that an abandoned motorbike was found near the drug store on the night of the burglary and that Paul Varona later notified the officers that his motorbike, the same that had been located at the scene, had been stolen. Police reports were checked showing that burglaries had occurred at the two locations and that five dozen brown and black dress belts, five plain wood sticks, assorted colored shoelaces, and some currency were taken from the shoe store. The shoe store burglary report *512 also contained the anonymous phone tip regarding Varona and Randy Gilbert's involvement. Computer checks located the residences of Gilbert, Varona and Shawn Richardson (an individual implicated by Varona's statement to the informant that the stolen property from the shoe store had been stored at Richardson's home before being divided up).
This information alone might be insufficient to establish probable cause that the stolen property could be found at the Gilbert residence at 1712 Lark Street. However, personal observation by the confidential informant of "new various brown and black hand-made leather belts" at the homes of all three persons named in the affidavit supplied the necessary connection. Paciera, supra, sets forth as criterion for supporting the credibility of information reported the direct personal observation of the informant, indicating that that alone would be sufficient. In the instant case, however, the observation of belts, which are not contraband nor suggestive of criminal activity, would not be enough. Therefore the other information provided in the affidavit which tied the possession of the belts to a burglary accomplished by these individuals was necessary. In Turner, supra, an affidavit which set forth merely the fact that an informant had seen certain clothing on the premises to be searched and had been told by a possessor of the clothing that it had been stolen from a store was found to be sufficient to establish probable cause for issuance of a search warrant. In the instant case there is a similar admission against penal interest by a possessor of stolen property and personal observation of some of the goods by the informant. There is also information in the affidavit corroborating the possessor's admissions and identifying the missing property. Thus, the facts set forth in the affidavit were sufficient to establish the reliability of the information and to establish the requisite probable cause for a search.
Defendant makes the additional argument that the affidavit's facts were stale. In other words, he alleges that the affidavit does not show that the facts relied upon in the affidavit still continued to exist at the time the application for a search warrant was made. As the United States Supreme Court stated:
". . . it is manifest that the proof must be of facts so closely related to the time of the issue of the search warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." Sgro v. United States, 287 U.S. 206, 210-11, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263 (1932).
The burglaries mentioned in the affidavit occurred at the shoe store on February 1, 1977 and at the drug store on February 13, 1977. Officer Fassbender had his first contact with the informant on March 2, 1977. On March 10, 1977 the confidential informant notified Officer Fassbender that since they last spoke he had seen belts in the homes of Randy Gilbert, Varona and Richardson. The application was made and the search warrant was issued on March 17; the warrant was executed March 18. Thus there was a lapse of anywhere from one to two weeks between the time the belts were seen and the search warrant was issued (the affidavit does not establish exactly when between March 2 and March 10 the informant saw the belts). It is necessary, therefore, to determine if there was reasonable cause to believe the property would still be on the premises one to two weeks after being observed.
Paul Varona's statement to the informant that the goods obtained in the shoe store burglary were stored a few days at Shawn Richardson's and then were later divided indicates that the individuals were in possession of the property not long after the burglary on February 1. The belts were seen in each individual's home at least one month after the burglary. The items were of the kind that the possessors could have been using personally. The passage of an additional week or two from the time the belts were seen on the premises would not necessarily lead to the conclusion that the belts would no longer be there. In *513 People v. Superior Court for County of Colusa, 49 Cal.App.3d 160, 122 Cal.Rptr. 459, 463 (Dist.1975), a California appellate court upheld a one month lapse between the time of a burglary and the issuance of a search warrant finding that it was reasonable to believe that the stolen property (small antiques and credit cards) would be at the burglar's residence since such items "would require protection from the elements and fortuitous harm." Similarly, the items in the instant case could reasonably be expected to still be found where seen one to two weeks previously.
An allegation that the police had no authority to seize the sawed-off shotgun because it was not specifically listed in the search warrant is likewise without merit. The police officers engaged in their search under a valid search warrant issued upon a proper finding of probable cause. A thorough search of the premises identified in the warrant could include checking behind furniture. Police lawfully executing a search warrant have a right and duty to seize contraband discovered during the search.
The ruling of the district judge on the motion to suppress is vacated and reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.