[Crim. No. 11130. Third Dist. May 18, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTHA KASHANI, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Eric J. Coffill, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Defendant pled guilty to possession of cocaine (Health & Saf. Code, § 11350). This appeal challenges the denial of defendant's motion to suppress evidence seized pursuant to a search warrant (Pen. Code, § 1538.5, subd. (m)). We will affirm.

The search warrant was issued by Superior Court Judge Kleaver acting as a magistrate. Claiming the judge had failed to read all the supporting material before issuing the warrant, defendant caused a subpoena to be served on Judge Kleaver commanding his attendance at the suppression hearing to testify. On motion of the People, the trial court quashed service of the subpoena on the ground defendant had not shown good cause to challenge the presumption of regularity attending issuance of the warrant. ■ On appeal defendant contends she was prejudicially denied the opportunity to establish fatal irregularity by the magistrate in the issuance of the search warrant.

Defendant relies on the opinion of this court in *Kaylor* v. *Superior Court* (1980) 108 Cal.App.3d 451 [166 Cal.Rptr. 598], for the proposition that one attacking a search warrant has the absolute right to compel the testimony at the suppression hearing of the magistrate concerning the circumstances surrounding issuance of the warrant. In *Kaylor* we directed the trial court to suppress evidence seized under two search warrants issued on the strength of an affidavit incorporating 155 pages of material, primarily copies of police reports, many of which were illegible. At the suppression hearing the magistrate testified he had not read all the reports and could not recall which ones he had read. This court held the procedure used was constitutionally defective. (*Kaylor, supra,* at pp. 457-458.)

*Kaylor* does not declare open season on all magistrates who issue search warrants. Apart from the fact there was no issue raised in *Kaylor* with respect to eliciting the magistrate's testimony at the suppression hearing, substantial irregularity was apparent upon the face of the search warrant affidavit. No such claim is nor can it be made here. The search warrant with attached 14-page affidavit appears regular on its face. It is not rendered any less so by defendant's bald assertion that Judge Kleaver did not read the affidavit before signing the search warrant.

Absent some palpable indication to the contrary, it is assumed the magistrate considered all the material presented him in support of an application for

search warrant. (*Kaylor, supra,* at p. 457.) This assumption is not indulged where substantial irregularity appears on the face of the record as in *Kaylor* (*ibid.*). If the assumption arises, however, the burden of dispelling it rests on defendant (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 101 [104 Cal.Rptr. 226, 501 P.2d 234]). That burden is not satisfied by a sweeping pro forma assertion that the magistrate did not read all material offered in support of the search warrant application. (See *Campbell Chain Co.* v. *County of Alameda* (1970) 12 Cal.App.3d 248, 258 [90 Cal.Rptr. 501].) Such an assertion could and, if deemed legally adequate to place in issue the conduct of the magistrate, most assuredly would be made in virtually every instance where a search warrant has been issued.

A challenge to the veracity of a search warrant affidavit is not allowed as a routine step in every case. (*Theodor, supra,* 8 Cal.3d at p. 103; *People* v. *Cook* (1978) 22 Cal.3d 67, 92 [148 Cal.Rptr. 605, 583 P.2d 130]; *People* v. *Kurland* (1980) 28 Cal.3d 376, 390 [168 Cal.Rptr. 667, 618 P.2d 213].) A fortiori, no justification exists for arraigning a magistrate every time a search warrant is issued and requiring him to explain his conduct in the premises. Indeed there are compelling reasons why it should not be so. Such practice would effectively eliminate the statutory requirement that motions to suppress evidence first be heard by the magistrate who issued the search warrant (Pen. Code, § 1538.5, subd. (b)); it would run counter to the well established policies of viewing search warrants in a common sense manner and upholding them in doubtful or marginal cases (see *People* v. *Superior Court* (*Brown*) (1975) 49 Cal.App.3d 160, 165 [122 Cal.Rptr. 459]); by adopting a grudging and negative attitude towards search warrants, such a practice would discourage resort to warrants contrary to the policy according them preference (*ibid.*). Finally, the rule for which defendant contends would have a disruptive effect on the judicial process. "While a judge enjoys no special privilege from being subpoenaed as a witness, it is imperative when he is called to testify as to action taken in his judicial capacity, to carefully scrutinize the grounds set forth for requiring his testimony. Should a judge be vulnerable to subpoena as to the basis of every action taken by him, the judiciary would be open to 'frivolous attacks upon its dignity and integrity, and . . . interruption of its ordinary and proper functioning.' [Citations.]" (*United States* v. *Dowdy* (W.D.Va. 1977) 440 F.Supp. 894, 896.)

■ In a more conventional vein, defendant contends the search warrant affidavit is insufficient to constitute probable cause in that affiant unintentionally but negligently misstated a material fact, unintentionally but negligently omitted a material fact and further, that the affidavit contains insufficient corroboration of the information supplied by the untested informant.[1] Responding to

---

[1]The alleged negligent misstatement and omission are contained in a police report prepared and signed by an officer other than affiant. The report is attached to and incorporated by reference into the affidavit.

these contentions, we have examined the affidavit, as we are adjured to do, in a practical, realistic, and common sense manner, consistent with the strong preference which is accorded search warrants. (*People* v. *Superior Court* (*Brown*), *supra,* 49 Cal.App.3d at p. 165.) We find sufficient corroboration of the informant and we do not find material inaccuracies in the affidavit as alleged by the defendant. Moreover, negligent inaccuracies do not automatically invalidate a search warrant. (*People* v. *Kurland, supra,* 28 Cal.3d at p. 389.) First, they must be eliminated or corrected and the affidavit retested to determine whether it is then sufficient to establish probable cause (*id.,* at pp. 388-389). Assuming, arguendo, the validity of defendant's attack on the sufficiency of the affidavit and applying the *Kurland* formulation thereto, the affidavit as amended establishes a confirmed illicit drug purchase at defendant's residence. Common sense supplies the reasonable inference that contraband would be present in a residence recently involved in such a transaction.

The judgment is affirmed.

Regan, J., and Evans, J., concurred.

A petition for a rehearing was denied June 13, 1983, and appellant's petition for a hearing by the Supreme Court was denied July 20, 1983. Reynoso, J., did not participate therein.