309 So.2d 138 (1975)
STATE of Louisiana
v.
Stephen HUMBLE.
No. 54991.
Supreme Court of Louisiana.
February 24, 1975.
*139 Jack F. Owens, Jr., Reeves, Lossin & Owens, Jonesville, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Falkenheiner, Dist. Atty., George Griffing, Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
Stephen Humble was convicted of possession of marijuana and was sentenced to a term of imprisonment in the Parish Jail. Under Article VII, Section 10(5) of the Louisiana Constitution of 1921 (the law applicable in the instant case), no appeal lies from the conviction. Upon relator's application we granted writs; we now review the trial court's denial of relator's motion to suppress the evidence introduced at his trial.
In his motion to suppress, relator alleges that the affidavit in support of the search warrant application fails to establish probable cause; it is therefore argued that the evidence seized pursuant to the execution of the warrant should have been excluded. The contents of the affidavit are as follows:
"THAT A SEARCH WARRANT SHOULD ISSUE FOR THE SEARCH OF
"One 1963 Brown Chevrolet registered to Raymond H. Humble License # 67 E 528 1972-73
"FOR THE PURPOSE OF SEIZING THE FOLLOWING DESCRIBED PROPERTY:
"Marijuana or any other Controlled Dangerous Substance defined by LSA R.S. 40:961 et seq
"FOR THE FOLLOWING REASONS:
"A reliable informant has given me reliable information on one prior occasion two months or so ago concerning a pending criminal investigation and the information given to me proved to be true. My informant is never been in trouble, he pays his bills, he is peaceable in the community and is known in the community to tell the truth. He has recently informed me that Steve Humble, white male who drives and uses the above described car, uses and sells marijuana. The informer says he sells the marijuana out of his car to teenagers around Jonesville, La. Steve Humble has been suspected of using and distributing marijuana for a year or more. The undersigned has received reports from various sources, other than the reliable informant, referred to above, that Steve Humble has possessed and used marijuana. A Search [sic] warrant is requested to search the above described car."
The State concedes in brief that the affidavit in support of the warrant application fails to meet the rule set forth in State v. Paciera, 290 So.2d 681 (La.1974), by which the sufficiency of the information contained in a supporting affidavit must be tested. The Paciera rule, based on the United States Supreme Court's decisions in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 684 (1964); and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960), requires that an affidavit contain detailed underlying circumstances:
"* * * sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability [sic] of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to *140 evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information. * * *" State v. Paciera, supra, at 685-686.
We have no difficulty finding that the affidavit sufficiently sets forth the reliability of the informant under the test enunciated in Paciera.[*] Information concerning a prior accurate report given by the informant satisfactorily establishes the informant's reliability. It is clear, however, that the information contained in the affidavit falls far short of providing a sufficient factual basis upon which the issuing magistrate could base a finding that the information provided is reliable. The affidavit merely presents unsubstantiated rumors and conclusory statements which, absent concrete substantiation or corroboration, cannot be a sufficient basis for a finding of probable cause. The affidavit contains neither specific information nor specific details which would tend to establish how the reliable informant came into possession of his information. The affidavit contains no indication that the affiant attempted to verify the information received from the informant by conducting a surveillance or by any other means. While the affiant does state that other "sources" reported that the relator had possessed and used marijuana, those "sources" are not identified or otherwise rendered credible and reliable. Nor is the bare accusation of the unidentified "sources" sufficiently detailed to support a finding of probable cause.
In addition to finding that the affidavit in the instant case fails to establish the reliability of the information contained therein, we note another defect in the affidavit. The affidavit fails to set forth information from which it may be determined that the proffered probable cause is contemporaneous with the application for and issuance of a warrant. Information contained in an affidavit must be sufficiently recent so as to justify a finding of probable cause at the time of the issuance of the search warrant. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); State v. Boudreaux, 304 So.2d 343 (La.1974). While this Court recognized in Boudreaux that an affidavit is adequate if a common-sense construction of the face of the affidavit tends to establish that the information contained therein is current, we do not find sufficient information in the present affidavit from which we may infer that the probable cause information is recent enough.
For the reasons stated above, we find that the affidavit in support of the search warrant issued in the instant case is fatally deficient and that the trial court therefore erred in denying relator's motion to suppress based on that deficiency.
We thus reverse the relator's conviction and sentence and remand for new trial.
SUMMERS, J., dissents for the reasons assigned.
SANDERS, C. J., and MARCUS, J., dissent for the reasons assigned by SUMMERS, J.
SUMMERS, Justice (dissenting).
Writs were granted under the Court's supervisory jurisdiction on the application of Stephen Humble in this prosecution for *141 possession of marijuana. The Court reviews a ruling of the trial judge on whether probable cause existed for the issuance of a search warrant. Since I cannot agree that the trial judge erred in finding that probable cause existed, I file this separate opinion to express my dissent.
Humble was charged by bill of information with possession of marijuana. He was found guilty in a bench trial, and sentenced.
The conviction was based upon evidence seized as a result of a search warrant issued upon the affidavit of a deputy sheriff to search "One 1963 Brown Chevrolet registered to Raymond H. Humble, License #67 E 528 1972-73" for the purpose of seizing "Marijuana or any other Controlled Dangerous Substance defined by LSA R.S. 40:961 et seq." The following reasons were set forth in the affidavit to support the issuance of the search warrant:
"A reliable informant has given me reliable information on one prior occasion two months or so ago concerning a pending criminal investigation and the information given to me proved to be true. My informant is (sic) never been in trouble, he pays his bills, he is peacable in the community and is known in the community to tell the truth. He has recently informed me that Steve Humble, white male who drives and uses the above described car, uses and sells marijuana. The informer says he sells the marijuana out of his car to teenagers around Jonesville, La. Steve Humble has been suspected of using and distributing marijuana for a year or more. The undersigned has received reports from various sources, other than the reliable informant, referred to above, that Steve Humble has possessed and used marijuana. A Search Warrant is requested to search the above described car."
This certificate appears in the per curiam of the trial judge who issued the search warrant:
"This is to certify that prior to signing the search warrant dated February 23, 1974 to search the 1963 brown Chevrolet registered to Raymond H. Humble, I obtained from the affiant Clyde Walker the name of the informer. The informer was a person who was a regular informer or `stool pigeon' for Deputy Walker who I had known for some time was serving in that capacity, and at the time I signed the search warrant I knew him to be a responsible person and I knew that he was truthful and that his reputation in the community for truth and veracity was not questioned. His name was not mentioned in the affidavit to protect his confidential status and this per curiam is written and signed on the condition that his name not be used in public or in the press."
Prior to trial, Humble moved to suppress the evidence seized by virtue of the search warrant. He contended that the affidavit did not contain sufficient reasons to establish probable cause as measured by standards set in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 684 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The motion to suppress was denied by the trial judge.
The issue in this court is said to be that where the statement of the informer is the sole basis for establishing probable cause, it is imperative that the first element of the two-pronged test of Aguilar for establishing reliability be satisfiedthat is, the request for a warrant in this case did not inform the magistrate of how the unidentified informer came to the conclusion that the defendant uses and sells marijuana out of his car. Defendant also complains that there is no showing of any independent corroboration by the law enforcement officers as required in Spinelli.[1]
*142 In my view the affidavit contains sufficient facts to give rise to the establishment of probable cause and the ruling of the trial judge is correct. The pivotal information given in the affidavit upon which the search warrant was founded is "He (the informer) has recently informed me (affiant) that Steve Humble, white male who drives and uses the above described car, uses and sells marijuana. The informer says he sells the marijuana out of his car to teenagers around Jonesville, La." This affirmative statement of fact made by the informer contains specific details. He names the offender (Steve Humble) and describes him as a "white male who drives and uses" a carefully described automobile ("one 1963 Brown Chevrolet registered to Raymond H. Humble license # 67 E 528 1972-73"). Humble's offense is particularly said to be that he "uses and sells" a certain drug, "marijuana"; the manner of sale being "out of his car"; the purchasers being "teenagers", and the place of the sale being "around Jonesville, La."
It is reasonably to be inferred, if not implicit, from an affirmative statement giving these detailed facts and information, when not qualified as in this case, that the statement is made from the informer's personal knowledge. It is not the statement of a belief, a suspicion or a conclusion; it is not hearsay; it is not an expression of opinion; it is presumed to be uttered on the basis of personal knowledge.
In addition to the specificity pointed out above, other reasons set forth in the affidavit make it quite clear that the affidavit upon which the trial judge based the search warrant was not "mere affirmation of suspicion and belief without any statement of adequate supporting facts." Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). For instance, the affidavit in the present case reinforces the reliability of the informant's tip when the affiant's sworn statement declares: "A reliable informant has given me reliable information on one prior occasion two months or so ago concerning a pending criminal investigation and the information given to me proved to be true." This is a categorical sworn statement by the affiant that the informant did give him information concerning a pending criminal investigation and the information did in fact prove to be true. Also, the timeliness of the informant's facts giving rise to the tip is shown to be within "two months or so"; further evidence of its reliability.
The informant's general good reputation is also sworn to by the officer applying for the search warrant. He swears to the magistrate: "My informant is (sic) never been in trouble, he pays his bills, he is peaceable in the community and is known in the community to tell the truth." Taken alone this statement would not be sufficient to establish a basis for an informant's reliability in an otherwise vague statement of facts. But when considered with the other specific circumstances recited here, this affidavit of veracity and indicia of trustworthiness should be considered by the magistrate in his determination of the informant's reliability and truthfulness.
Still other factors appear in this affidavit to support probable cause for the magistrate's search warrant. The deputy sheriff made an oath that "Steve Humble has been suspected of using and distributing marijuana for a year or two." This is taken to mean that the law enforcement organization (the sheriff's office) with which affiant is associated has some independent basis for the statement. This inference is supported by the affiant's concluding statement. "The undersigned has received reports from various sources, other than the reliable informant, referred to above, that Steve Humble has possessed and used marijuana." Although the "sources" are anonymous, the information furnished by these "various sources" gains *143 substance when considered in connection with the other facts and circumstances contained in the affidavit. At the same time, the statement adds reliability to the informant's tip.
Finally, there is the certificate of the trial judge setting forth that he required disclosure of the informant's identity and that he knew the informant to be truthful. This is entirely in keeping with the instructive expression of Chief Justice Weintraub in State v. Burnett, 42 N.J. 377, 201 A.2d 39 (1964), approved in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L. Ed.2d 62 (1967):
"The Fourth Amendment is served if a judicial mind passes upon the existence of probable cause. Where the issue is submitted upon an application for a warrant, the magistrate is trusted to evaluate the credibility of the affiant in an ex parte proceeding. As we have said, the magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told. If the magistrate doubts the credibility of the affiant, he may require that the informant be identified or even produced."
Thus with disclosure of the informant's identity the issuing magistrate was further supported in his determination of probable cause. He was assured of the informant's truthfulness and, by this assurance, of the affiant's trustworthiness.
The essential constitutional requirement for the validity of the warrant is that it be based upon "probable cause". Both the Federal and State Constitutions make this requirement. U.S.Const. amend. IV; La. Const. art. I, ¶ 7. In determining probable cause for the issuance of a search warrant, it should be remembered that the issuing magistrate is not conducting a trial. Trials are necessarily surrounded with evidentiary rules developed to safeguard men from dubious and unjust convictions. Brinegar v. United States, 338 U.S. 160, 174, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). But before the trial we deal only with probabilities that "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. at 175, 69 S.Ct. at 1310.
Probable cause exists where the facts and circumstances within the knowledge of the officers executing the affidavit and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
In United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), the most recent decision of the United States Supreme Court on the subject, Mr. Chief Justice Burger wrote:
"In evaluating the showing of probable cause necessary to support a search warrant, against the Fourth Amendment's prohibition of unreasonable searches and seizures, we would do well to heed the sound admonition of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965):
"`[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teaching of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by the non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing *144 courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.'" 380 U.S. 108, 85 S.Ct. 741.
Taken together, the statements of the affidavit in this case furnish a substantial basis for believing the informant's statement. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The informant's tip is not a mere belief or suspicion; it is a statement of fact within the tipster's personal knowledge, substantiated by general statements of affiant and from other "sources" known to the affiant. Thus, considering all of the facts and circumstances upon which the search warrant is based, there was probable cause for the magistrate to issue the warrant. As the Court said in Spinelli v. United States, 393 U.S. 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) "their (the magistrate's) determination of probable cause should be paid great deference by the reviewing Courts."
In summary, as was said in Spinelli, Courts must carefully avoid
"... retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223, 228, 13 L.Ed.2d 142 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 1062 [18 L.Ed.2d 62] (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, [13 L. Ed.2d 684] (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 270-271, 80 S.Ct. 725, 735-736 [4 L. Ed.2d 697] (1960)."
The Court's decision offends all the admonitions against undue concern for technicalities in the determination of probable cause.
I respectfully dissent.
NOTES
[*] The State argues that the rule to be applied in this case is distinguishable from the rule of Paciera because the magistrate who issued the warrant we consider knew the informant. To support this allegation the State has appended to its brief a per curiam of the trial court wherein it is certified that at the time of the issuance of the warrant, the judge personally knew the informant's identity and his credibility. Notwithstanding the trial court's certification, this information may not be considered by us in deciding the sufficiency of the affidavit. Moreover, the per curiam merely attests to the informant's credibility; we concede that his credibility was sufficiently established in the affidavit. Our concern, as will be noted, is with the affidavit's failure to state sufficient underlying facts which would provide an adequate basis for finding the information, contained therein credible.
[1] Although more than seventeen assignments of error are contained in the application for writs, only supporting documents for the issues considered in this opinion are made part of the application. The result is, therefore, that only these issues formed the basis for the issuance of the writ. Defense counsel's brief supports this conclusion. The State's brief is prepared on this understanding.