EDWARDS, Judge.
Defendant, O’Neal Davenport, was indicted for the crime of possession of heroin, a violation of LSA-R.S. 40:966 C. Defendant’s motions to suppress physical evidence and a confession were denied, and he pled guilty, reserving his right to appeal that denial. See State v. Crosby, 338 So.2d 584 (La.1976). On appeal, defendant has addressed only the denial of the motion to suppress the physical evidence.
On May 25, 1983, the Baton Rouge City Police searched defendant’s home and located several small foil wrapped packages. Defendant initially attempted to swallow all of the packets, but they were retrieved from him, and later found to contain heroin. Defendant contends that the search warrant was invalid because the affidavit failed to support the reliability of the confidential informant.
The portion of the affidavit in question is as follows:
Affiant informs the Court that on May 25,1983 affiant was contacted by a confidential and reliable informant who has provided affiant with information which has led to the arrest of at least (2) persons and to the seizure of narcotics. Affiant further informs the court that on or about May 25, 1983 he being said informant had occasion to be present in the residence located at 1510 N. 35th St. and observed O’Neal Davenport in possession of a large quantity of white powder which he, Davenport identified as Heroin and was selling it for 25.00/pa-per.
Affiant further informs the Court that said informant advised Davenport’s home number was 343-6565.
Affiant checked with telephone security and found said phone number to be installed at 1510 N. 35th St.
Defendant argues that the reliability of a confidential informant cannot be established by stating that his information (1) has been used successfully on only two occasions; and (2) has led only to arrest, rather than to convictions. Neither argument has merit.
The task of the issuing magistrate is simply to make a practical, commonsense decision, whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). There is no minimum number of previous accurate reports necessary to establish an informant’s reliability in a particular case. See State v. Humble, 309 So.2d 138, 139-40 (La.1975) (once was enough). Neither is it necessary for the affidavit to assert that the information supplied by the informant has led to convictions. State v. McCathern, 395 So.2d 746, 748 (La.1981).
*633 The affidavit sets forth the factual basis for the informant’s knowledge, that being his presence in the residence and discussion with defendant about the price of the heroin. The officer verified part of the information prior to the issuance of the warrant by checking out the telephone number provided by the informant. The trial court was correct in refusing to suppress the evidence seized under this warrant, and therefore we affirm.
AFFIRMED.