SHORTESS, Judge.
Curtis L. Brown (defendant) was charged by bill of information with possession of phenmetrazine (preludin) with intent to distribute in violation of LSA-R.S. 40:967 A. Defendant pled not guilty and filed a motion to suppress physical evidence. After hearing and denial of that motion, defendant was tried by a jury and convicted as charged. The trial court sentenced defendant to a six year term of imprisonment in the custody of the Louisiana Department of Corrections.
Defendant brought this appeal originally urging eleven assignments of error but did not brief seven of his assignments, which must be deemed abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983). We will treat his remaining assignments of error in detail.
Defendant’s family home, located at 1914 Tennessee Avenue in Baton Rouge, was searched on February 10,1984, pursuant to a search warrant issued on the same date. The search resulted in the seizure of eleven preludin tablets and a sum of cash money totaling $336.00. Brown was arrested at the scene and subsequently charged with the instant offense.
ASSIGNMENT OF ERROR NUMBER ONE (ARGUMENT TWO IN DEFENSE BRIEF):
Defendant contends that the trial court erred when it overruled his objection to hearsay testimony elicited by the state during questioning of its own witness.
Defendant’s objection arose when the trial court allowed the testimony from the preliminary examination to be adopted into evidence at the hearing on the motion to suppress physical evidence. During cross examination of Officer Whatley at the preliminary examination, the following exchange occurred:
Q. To your knowledge, did Mr. Brown [defendant] live at that residence at that time?
A. His mother said he did.
Q. At —
A. 1914 Tennessee Street.
Q. And when did she make that statement?
A. Sometime during the course of the search because I asked her whose bedroom was the one upstairs at the top of the stairs where I’d found, where I found a Preludin tablet, where Officer Turner had found a Preludin tablet, and she told me that was Curtis’ [defendant’s] bedroom.
Q. And it was Lou Ida Brown who made the statement?
A. Yes, it was.
Defendant argues that such testimony constituted impermissible hearsay which could not be properly introduced at the hearing on the motion to suppress. We note that Officer Whatley’s testimony, with respect to Louida Brown’s statement, occurred during cross examination, and not during direct examination as defendant alleges. However, we will address the merits of this assignment since defendant initially re *610 quested that the preliminary examination and hearing on the motion to suppress be separated to obviate consideration of hearsay as part of the motion to suppress.
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, offered for the truth of the matters asserted therein. Its value rests upon the credibility of the out-of-court asserter. State v. Tonubbee, 420 So.2d 126, 135 (La.1982), cert. denied, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983). Hearsay evidence is inadmissible except as provided by law. LSA-R.S. 15:434. A witness can testify only as to facts within his knowledge and may not recite facts heard by him except as provided by law. LSA-R.S. 15:463. However, the hearsay rule is not required to be applied at suppression hearings. See State v. Smith, 392 So.2d 454, 458, n.6 (La.1980). “Information relayed to a policeman from other sources can be treated at a suppression hearing as ‘non-hearsay’ and may be considered insofar as it tends to prove that such information was in fact given to the officer.” [i.e., to show the officer’s state of mind]. 392 So.2d at 458, n.6.
In urging prejudice flowing from introduction of Officer Whatley’s testimony, defendant fails to distinguish between probable cause to search defendant’s residence and probable cause to arrest defendant. At the motion to suppress, defendant sought only to suppress physical evidence seized pursuant to the search warrant. The instant scenario does not depict a situation where seizure of contraband flowed from exploitation of a defendant’s arrest.[1] Moreover, other properly admitted testimony served to tie defendant to the crime. Officer Whatley testified that he personally observed defendant throw contraband, which was recovered by law enforcement officers, from a window of his residence during execution of the instant search warrant.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO (ARGUMENT NUMBER ONE IN BRIEF):
Defendant contends that the trial court erred when it failed to suppress the physical evidence seized as a result of execution of the instant search warrant because the affidavit in support of that warrant failed to show probable cause on its face.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const, art. 1, § 5; LSA-C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200, 1202 (La.1984).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court noted that the probable cause standard is a “practical, nontechnical conception.” 103 S.Ct. at 2328. Only the probability, and not a pri-ma facie showing, of criminal activity, is required. 103 S.Ct. at 2330. In addition, “after-the-fact scrutiny ... should not take the form of de novo review. A magistrate’s ‘determination of probable cause should be paid great deference by reviewing courts’.” 103 S.Ct. at 2331.
An unidentified informant may provide adequate information to establish probable cause for a search warrant, so long as the basis for the information and the informant’s reliability, when examined *611 under the totality of circumstances, are established. 103 S.Ct. at 2332.
The face of the instant affidavit details underlying circumstances which demonstrate a factual basis by which the magistrate could find reliable both the informant and his information. Officer Turner, affiant and a member of the Baton Rouge Police Department’s Narcotic Division, alleged that he personally accompanied the informant on the controlled contraband purchase referenced therein. Further, the method of purchase indicates that the “set” was sold to the informant. Thus any question as to the informant’s credibility or reliability was obviated by the independently corroborating observation provided by direct surveillance. In addition, Officer Turner personally examined the tablets obtained by the informant and could rely upon his own determination of its substance.
Defendant urges that there was insufficient allegation in the application to support a finding of probable cause to believe contraband would likely be present on the premises when searched. The instant case is distinguishable on its facts from State v. Lewis, 385 So.2d 226 (La.1980) and State v. Boneventure, 374 So.2d 1238 (La.1979), relied on by defendant in support of this allegation. Both State v. Lewis and State v. Boneventure involved informant’s observation of a quantity of marijuana offered for consumption at the subject’s home. In State v. Boneventure, 374 So.2d at 1239, at least two days had passed between observation of contraband by the informant and application for a search warrant and in State v. Lewis, 385 So.2d at 228-229, as much as ten days had passed. Absent any corroborating information to show that the subject was involved in a continuing illegal enterprise, the Louisiana Supreme Court found in each case that there was not probable cause to believe that the same consumable amount of marijuana would remain at the place to be searched.
To the contrary, the affidavit here stated that the confidential informant had procured talwin, a controlled dangerous substance forming part of a “set”, from defendant’s home the same date on which the affidavit was prepared. In addition, the affidavit was presented to the magistrate, the search warrant was issued, and the search was conducted on that same date.
Further, paragraph one of the probable cause portion of the instant affidavit indicates substantiated and reliable continuous activity in drug transactions by Louida Brown and other members of the household at 1914 Tennessee Street. Based on the totality of these circumstances, a practical magistrate applying common sense could easily determine that contraband would be found in the Tennessee Street residence.
Our review of the record indicates that the trial court properly denied defendant’s motion to suppress physical evidence seized pursuant to a search warrant. Accordingly, this assignment of error is without merit.
ASSIGNMENTS OF ERROR NUMBERS NINE AND TEN (ARGUMENT NUMBER THREE IN BRIEF):
By means of these assignments, defendant contends that the trial court imposed an excessive sentence when it failed to adequately consider the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth the items which must be considered by the trial court before passing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered those guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984).
A review of individual excessiveness is considered in light of the criteria expressed by article 894.1, the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118, 121 (La.1979). The sentencing exposure for the instant offense is a term of imprisonment at hard labor for not more than ten years and an optional fine of not more than fif *612 teen thousand dollars. LSA-R.S. 40:967 B(3). The penalty actually imposed by the trial court was about two-thirds of the maximum assessable term of imprisonment.
The trial court has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762, 773 (La.1979). Given compliance with the sentencing criteria of Louisiana Code of Criminal Procedure article 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984).
Generally a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325, 327 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one’s sense of justice is shocked when comparing the punishment imposed to the crime committed, in light of the harm done to society. State v. Thomas, 432 So.2d at 327.
A review of the record in this case reveals that the trial court carefully particularized the sentence, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant.
The trial court ordered a presentence investigation report. Defendant makes much of the fact that his family history included therein referenced the drug related offenses committed by other members of his household. However, the trial court acknowledged that it was aware that when search warrants were executed at that residence in the past all members of the household were probably arrested although prosecution did not proceed against defendant. Thus, the record does not indicate the trial court gave undue weight to defendant’s family history.
Included within the wide discretion afforded the trial court is the option to suspend sentence for a first felony conviction and place the offender on supervised probation. LSA-C.Cr.P. art. 893. Although the instant offense is defendant’s first felony conviction, in considering the sentencing guidelines, the trial court based its decision not to place defendant on probation on a finding that all three aggravating factors enumerated in article 894.1 were present.
In summation, the record shows that the trial court’s articulation of reasons for the sentence is more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range, and neither appears grossly disproportionate to the severity of the crime nor a needless imposition of pain and suffering.
Therefore, these assignments of error are without merit.
For all the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Six of the preludin tablets were retrieved from a package thrown from a bedroom window by defendant as Officer Whatley stood outside observing. This action by defendant occurred pri- or to gaining entry to the residence. One prelu-din tablet was found on a bed, located by a window, in an upstairs bedroom. The other four preludin tablets were found in a bag outside, beneath a window on the south side of the house.