525 So.2d 716 (1988)
STATE of louisiana
v.
George E. TILLEY.
No. KA 87 1358.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*717 Livingston Parish, Dist. Atty's. Office, Livingston, for plaintiffs.
Robert Liptak, Denham Springs, for defendant-appellant George Tilley.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
George E. Tilley was charged by bill of information with possession with intent to distribute marijuana. La.R.S. 40:966 A. (1). Defendant originally entered a plea of not guilty. A motion to suppress was filed and denied. Subsequently, defendant withdrew his former plea of not guilty and, after a Boykin hearing, entered a plea of guilty as charged, expressly reserving his right to appeal the adverse ruling on the motion to suppress. Defendant was sentenced to three and one-half years imprisonment at hard labor and to pay a fine of $1,500.00, plus court costs.
Defendant presents three assignments of error for our review:
1. The trial court erroneously ruled that probable cause existed to justify the issuance of the search warrant
2. and 3. The trial court erroneously denied the motion to suppress evidence seized pursuant to an improperly issued search warrant, and other evidence allegedly tainted by the lack of probable cause.

FACTS
On November 30, 1983, sometime between 11:15 and 11:35 a.m., Sergeant Rodney *718 Vulgamore of the Denham Springs City Police Department received a tip from a confidential informant (a/k/a "anonymous caller") concerning the presence of "T's and Blues" in the trunk of defendant's vehicle, a white Cadillac with a green vinyl top, located at a residence on Rodeo Drive. Sergeant Vulgamore was familiar with the described vehicle because it reputedly belonged to a known drug user and supplier. Sergeant Vulgamore and Detective Robert Jones drove by the address on Rodeo Drive and saw that the described vehicle was indeed parked on the address premises.
Sergeant Vulgamore swore out an affidavit upon which a search warrant issued at 12:12 p.m. on November 30, 1983. The search warrant authorized a search of the residence known as 212 Rodeo Drive, and all other structures, vehicles and places on the premises where the thing(s) may be found. The warrant was executed at 1:14 p.m., and a large quantity of marijuana was seized from the residence. The marijuana had been divided and placed into small plastic bags, "slips," which defendant sold for $15.00 per "slip." The "butts" of several marijuana cigarettes were found in defendant's vehicle. "T's and Blues" were not discovered during the search.
Defendant and a co-defendant were arrested at the residence, given the Miranda warnings, and transported to the police station. During subsequent interrogation, police officers obtained rights waivers and taped statements from defendant and a co-defendant. Defendant admitted that he grew the marijuana and that it belonged to him. He stated that he sells marijuana to supplement his income "because the government doesn't give him enough money."
Defendant sought suppression of the evidence seized and of the taped statement he gave to police officers during interrogation. After a hearing, the motion was denied.

ASSIGNMENT OF ERROR NUMBER ONE
By means of this assignment of error, defendant contends the search warrant was invalid because the affidavit in support of that warrant failed to show probable cause on its face.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const. Art. I, § 5; La.Code Crim.P. art. 162. "Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched." State v. Morris, 444 So.2d 1200, 1202 (La.1984); State v. Brown, 479 So.2d 608 (La.App. 1st Cir. 1985).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court noted that the probable cause standard is a "practical, nontechnical conception." 103 S.Ct. at 2328. Only the probability, and not a prima facie showing, of criminal activity, is required. 103 S.Ct. at 2330. In addition, "after-the-fact scrunity ... should not take the form of de novo review. A magistrate's `determination of probable cause should be paid great deference by reviewing courts.'" 103 S.Ct. at 2331.
An unidentified informant may provide adequate information to establish probable cause for a search warrant, so long as the basis for the information and the informant's reliability, when examined under the totality of circumstances, are established. Illinois v. Gates, 103 S.Ct. at 2332.
The face of the instant affidavit details underlying circumstances which demonstrate a factual basis by which the magistrate could find reliable both the informant and his information. The affidavit contains the following pertinent statement:
An anonymous caller whose information resulted in arrest (File 83-5006), thereby establishing reliability contacted Sergeant Vulgamore by telephone this date *719 and advised that he (the caller) had personally observed a trunk full of "T's and Blues" in the trunk of George Tilley's personal vehicle which the caller described as being a white Cadillac with a green vinyl top. Said vehicle was said to be located on the south side of the residence located at 212 Rodeo Drive, Denham Springs. Vehicle is known to our Department since it belongs to a known drug user/seller. Subject stated to Sergeant Vulgamore that he observed the above at approximately 11:15 a.m. this date. At approximately 11:35 a.m. this date, Sergeant Vulgamore and Detective Robert Jones passed this area, 212 Rodeo Drive, and observed the vehicle described above parked on the south side of the residence.
Defendant contends that the statement that the confidential informant supplied information leading to only one arrest does not establish his reliability. This contention is meritless. In State v. Davenport, 461 So.2d 631, 632 (La.App. 1st Cir.1984), this Court stated that "[t]here is no minimum number of previous accurate reports necessary to establish an informant's reliability in a particular case." In State v. Humble, 309 So.2d 138, 140 (La. 1975), the court held that "[i]nformation concerning a prior accurate report given by the informant satisfactorily establishes the informant's reliability." (Emphasis supplied). Therefore, the affidavit herein, stating that the informant had supplied information leading to one arrest, sufficiently established the credibility of the informant.
Defendant urges that the information supplied by the informant was not verified because there was no surveillance conducted by the police department. The reliability of the information supplied was verified when Sergeant Vulgamore drove by the given address and saw the described vehicle on the south side of the address premises. Moreover, the informant was reliable and stated that he personally observed a "trunk full of T's and Blues." The reliability of the information may be established by direct personal observation by the informant. See State v. Weinberg, 364 So.2d 964 (La.1978).
The informant herein personally observed the presence of narcotics in the trunk of defendant's car. The informant, referred to as "anonymous caller," was obviously known to Sergeant Vulgamore. He had previously given information to Sergeant Vulgamore which resulted in arrest. Sergeant Vulgamore drove by the address given to him by the informant and corroborated the presence of the described vehicle on the address premises. The sergeant recognized the vehicle, because it belonged to a reputed drug user and supplier. After examining the basis for the information and the informant's reliability under the totality of the circumstances, we find them to be adequately established.
Defendant additionally contends that the affidavit did not contain allegations sufficient to support a finding of probable cause to believe narcotics would likely be present in the residence searched.
A magistrate must decide whether or not an affidavit reveals a fair probability that contraband will be found at a particular location. State v. Kyles, 513 So.2d 265 (La.1987). The affidavit, interpreted in a commonsense and realistic manner, must contain information which would warrant a person of reasonable caution to believe that the articles sought are located at the place to be searched. See State v. Guidry, 388 So.2d 797 (La.1980). In State v. Mena, 399 So.2d 149 (La.1981); State v. Baker, 389 So.2d 1289 (La.1980); and State v. Guidry, the affidavits did not state that the contraband was inside the respective defendants' residences. Nonetheless, after considering the nature of the crime, the nature of the items sought to be found, the proximity in time between the crime and the request for a warrant, and the reasonable inference that the residence would be a likely place to store the contraband pending disposal, a nexus between the alleged illegal activity and the residence sufficient to provide probable cause to search the residence was established. See State v. Poree, 406 So.2d 546 (La.1981).
*720 The affidavit herein contains an averment of personal observation of a trunk full of "T's and Blues" in defendant's vehicle, parked on the address premises. A trunk full of "T's and Blues" is a large quantity of narcotics; and it is reasonable to infer that a portion, if not all of it, would be stored in the residence. A statement regarding defendant's reputation as a drug user and supplier is contained in the affidavit. The narcotics were observed in defendant's vehicle at 11:15 a.m., and the affidavit was sworn out at 12:12 p.m. The search warrant was executed at 1:14 p.m. A mere two hours had elapsed from the time the informant first observed the narcotics and the time of the search. Considering the totality of the circumstances, the allegations in the affidavit led to the reasonable inference that some, if not all of the narcotics might be stored in the residence.
Defendant further alleges that the search warrant itself is so flawed, on its face, that the good faith exception of U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is inapplicable.
The good faith exception established in U.S. v. Leon, is an exception to the exclusionary rule. The Court held the exclusionary rule should not be applied so as to bar the use, in the prosecution's case-in-chief, of evidence obtained by officers acting in an objectively reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. State v. Shannon, 472 So.2d 286, 291 (La.App. 1st Cir.), writ denied, 476 So.2d 349 (La.1985).
In State v. Shannon, this Court adopted the Leon exception to the exclusionary rule. In Leon, the Supreme Court noted "in some circumstances the officer will have no reasonable ground for believing that the warrant was properly issued." The Court enumerated four instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for this reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Leon at 104 S.Ct. 3421, 3422. State v. Shannon, at 291. We find none of the circumstances to be existent in this case.
We found the search warrant validly issued upon a showing of probable cause. The exclusionary rule, and therefore the Leon exception, are inapplicable herein because the search warrant validly issued. Moreover, the police officers conducted themselves reasonably in the execution of the warrant. Consequently, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
Through these assignments of error, defendant contends that the trial court erroneously denied his motion to suppress. Defendant claims the search warrant was invalid and that, therefore, any evidence seized pursuant thereto was inadmissible as "fruit of the poisonous tree," citing Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Having found no merit in defendant's first assigned error, these arguments fall.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.