JiDECUIR, Judge.
The Louisiana Supreme Court has remanded this pretrial supervisory writ application and ordered this court to hear oral arguments and render an opinion. State v. Solomon, 95-1285 (La. 6/30/95), 657 So.2d 1006. The defendants, Seth and Janet Lynn Solomon, are seeking review of the trial court’s ruling denying their motion to suppress. Originally, the defendants sought review of the trial court’s ruling denying their motion to suppress and this court denied the writ application finding no error in the trial court’s ruling. State v. Solomon, K95—326 (La.App. 3 Cir. 4/21/95).
On application for writs to the Louisiana Supreme Court, the defendants divided their argument into two assignments of error: (1) *538 failure to excise an allegedly false statement, (2) and failure to rule that the alleged false statement was intentionally made. On remand to this court, the defendants contend that the affiant intentionally misled the magistrate issuing the warrant by including false information in the affidavit in support of the search warrant. The defendants have not abandoned the arguments presented in their two previous writ applications.
FACTS
The defendants’ home was searched on Sunday, April 18, 1993, pursuant to a search warrant obtained by Grant Willis, a deputy with the Allen Parish Sheriffs Office at the time of the search. Mr. Willis is now a state trooper.
|2Trooper Willis was the only witness who testified at the hearing on the motion to suppress. He testified that at approximately 7:30 or 8:00 p.m. on Sunday, April 18, 1993, he received a call from a reliable confidential informant that a quantity of marijuana could be found at the Harrelson residence on Adler Street in Oakdale, Louisiana. Trooper Willis had been investigating the Solomons for six months. A previous search of the Solomon home uncovered marijuana, and the local law enforcement agencies knew that the Solo-mons were major distributors of marijuana who used third persons such as the Harrel-sons to store and to sell their marijuana.
Suspecting that a large quantity of marijuana was at the Solomons’ home and not yet distributed to the others who stored and sold marijuana on behalf of the Solomons, Trooper Willis typed the affidavit at his home. The affidavit in support of the search warrant provided:
On Sunday, April 18, 1993, Det. Grant Willis of the Allen Parish Sheriff Dept. was contacted at his residence during the evening hours by a reliable confidential informant, who has previously provided information leading to arrest and convictions, hereinafter referred to simply as “CI-1”. CI-1 advised Willis that a quantity of marijuana could be found at the residence located at 108 Adler Street, Oakdale, Louisiana, Parish of Allen. Over the last six months the Allen Parish Sheriff Dept. and the Oakdale Police Dept. has received considerable intelligence that two of the occupants of the residence, Joe and Glenda Harrelson, was (sic) selling marijuana out of the residence, for a known drug dealer, Seth Soloman. It was also learned by law enforcement that Soloman hires subjects to stash his marijuana at their place of abode due to the fear that law enforcement may come to his residence to search said residence. Also learned over the past six months that Seth keeps only personal amounts of marijuana on his person. While conducting narcotic investigations and while doing surveillances, Det. Willis has observed Seth smoking what appeared to be marijuana cigarette while sitting outside of his residence. Officers with both departments have executed search warrants at Soloman’s residence on prior occasions which resulted in the seizer (sic) of marijuana. While conducting surveillance Officers have observed continuous contact between the Harrelson and Soloman both at the Harrelson and Seth’s residence which is located at 300 Oak Street, Oak-dale, Louisiana, Parish of Allen.
The search of the defendants’ home uncovered marijuana, drug paraphernalia, and other evidence of illegal narcotic cultivation and distribution.
ASSIGNMENT OF ERROR
The defendants attack the validity of the search warrant by focusing upon a single sentence in the affidavit. Trooper Willis testified that this one sentence is partially incorrect and partially correct. On a prior occasion, a search of the home of the defendants uncovered marijuana; however, this search was not a search pursuant to a search warrant but a warrantless consensual search. Because this one sentence does not accurately reflect the nature of the previous search, the defendants contend the entire affidavit and search warrant is invalid, and the evidence seized as ajjresult of the search should be suppressed. The defendants further contend that Trooper Willis intentionally included a false statement in the affidavit to mislead the magistrate who signed the search warrant. The defendants argue that since *539 this one sentence contains a materially false allegation, which they claim was made with serious and reckless disregard for truth and accuracy, the entire sentence should be stricken from the affidavit.
In their writ application to the Louisiana Supreme Court, the defendants relied almost solely upon the case of State v. Rey, 351 So.2d 489 (La.1977). In Rey, the Louisiana Supreme Court ruled that an affidavit for a search warrant, which incorrectly identified the defendant as one of his neighbors and which also included reference to the neighbor’s criminal record, was not invalid because the error in identifying the suspect was not intentional and the affidavit still established probable cause to search the residence described even with the incorrect information excised. Id. The Louisiana Supreme Court adopted a Federal Fifth Circuit approach to affidavits containing inaccurate information; that is, if the misrepresentations were unintentional, then the inaccurate statements were excised and the affidavit reexamined for probable cause, but if the misrepresentations were intentional, the search warrant was quashed. Id.
In the case of State v. Byrd, 568 So.2d 554 (La.1990), the Louisiana Supreme Court addressed a similar claim that an affidavit in support of a search warrant was invalid since it contained inaccurate statements. The supreme court provided the analysis to be applied in these situations as follows:
The making of material and intentional misrepresentations to a magistrate involves a fraud upon the courts and will result in the invalidation of the warrant and suppression of the items seized. State v. Williams, 448 So.2d 659, 663 (La.1984); State v. Rey, 351 So.2d 489, 492 (La.1977). If the misrepresentations or omissions are inadvertent or negligent, the warrant will be retested for probable cause after supplying that which had been omitted or striking that which had been misrepresented. [State u] Lingle, 436 So.2d [456] at 460-61 [ (La.1983) ]; State v. Lehnen, 403 So.2d 683, 686 (La.1981).
Id. at 559.
The first issue that must be resolved is whether the misstatements by Trooper Willis were made intentionally or were simply inadvertent or negligent. If the misstatement is determined to have been made intentionally with the desire to mislead the magistrate, then the search warrant must be quashed. On the other hand, an inadvertent or negligent mistake will require that the affidavit be corrected and then retested for probable cause.
__yAt the suppression hearing, Trooper Willis explained that he assisted with the previous search of the defendants’ home, but he was not the investigating officer for that particular criminal matter. The lead investigating officer was Deputy John Beard who had asked Trooper Willis to assist with the actual search of the Solomon residence. Trooper Willis had always assumed the search was pursuant to a search warrant. Trooper Willis additionally acknowledged that he knew of only one previous search of the Solomons’ home and the statement that more than one search had occurred at the Solomons’ home was incorrect. Trooper Willis spoke with Officer John Ballard of the Oakdale Police Department while he was preparing the affidavit, but Officer Ballard simply helped to locate a judge who could review the affidavit, and he did not provide any information included in the affidavit.
Trooper Willis testified that when he received the information from the confidential informant on Sunday evening, he did not want to wait until Monday to check on the existence of a previous search warrant because he was concerned that the marijuana would be moved out of the defendants’ home if he did not act quickly. The officer stated that at the time he was preparing the affidavit at his home, he thought that all of the information he put in it was true, and he had no intention to mislead the judge who reviewed and granted the application for a search warrant. It was later, after the execution of the search warrant, that he was informed that the one previous search of the defendants’ home was pursuant to their consent and not pursuant to a search warrant.
We conclude that the evidence presented did not establish that Trooper Willis deliber *540 ately included inaccurate information in the affidavit with the intent to deceive the issuing magistrate. See Rey, 351 So.2d 489, 492 n. 1. For example, in State v. Caldwell, 384 So.2d 431, (La.1980), the police officer who prepared the affidavit admitted he was tired and in a rush when he prepared the affidavit that contained the inaccurate information about a confidential informant’s help leading to convictions. The Louisiana Supreme Court reversed the trial court’s ruling granting the motion to suppress because it determined that this evidence did not establish that the police intentionally included false information to mislead or deceive the issuing magistrate. In the present case, the evidence does not establish any intent to mislead or deceive but rather shows an honest mistake about the nature of the previous search of the Solomon home and negligence in stating that more than one search had occurred.
|5In State v. Racheau, 467 So.2d 544, 548 (La.App. 3 Cir.1984), writ denied, 472 So.2d 29 (La.1985), this court ruled that misstatements in an affidavit were “minor embellishments by a novice officer” and these did not represent a bad faith act on the part of the officer. When describing the past reliability of the confidential informant, this court concluded that the use of “several” instead of two drug arrests and the use of “many” arrests instead of two arrests were not made with the intent of deceiving the issuing magistrate. The facts in Racheau are similar to the facts in the present case. The misstatements by Trooper Willis should not be considered made with the intent to deceive the issuing magistrate.
In State v. Hodges, 526 So.2d 1275 (La. App. 3 Cir.), writ denied, 532 So.2d 174 (La.1988), the affidavit in support of the search warrant included erroneous information because it was prepared in advance of the controlled buy of narcotics and some of the information provided by the informant was incorrect. These errors were not considered to be intentionally misleading, and the affidavit and search warrant were upheld as valid. See also State v. Brown, 93-2089 (La.App. 4 Cir. 12/15/94), 647 So.2d 1250; State v. Niel, 93—1510 (La.App. 3 Cir. 5/4/94), 640 So.2d 588, unit denied, 94-1454 (La. 3/24/95) 651 So.2d 286; Byrd, 568 So.2d 554; and State v. Mayes, 532 So.2d 331 (La.App. 3 Cir.1988), writ denied, 560 So.2d 27 (La. 1990).
Therefore, based upon the jurisprudence, we find the trial court did not err in failing to rule that the inaccurate information was intentionally included in the affidavit for the purpose of misleading or deceiving the issuing magistrate. Furthermore, the inaccuracies in the affidavit are minor and would not render the search warrant invalid. If this court were to delete the incorrect information and add the omitted material facts, the single sentence at issue would state that “on a prior occasion area law enforcement agents executed a search of the defendants’ home pursuant to the consent of the defendants, and this previous search resulted in the seizure of marijuana.”
Probable cause exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. Byrd, 568 So.2d at 559, quoting State v. Johnson, 408 So.2d 1280, 1283 (La.1982). The issuing judge must make a practical, common-sense decision whether, given all the circumstances leset forth in the affidavit, there is a “fair probability” that evidence of a crime will be found in a particular place.
In the present case, the affidavit correctly stated that on a previous occasion a search of the defendants’ home uncovered marijuana. The inaccuracies in the affidavit are simply the basis for the previous search and the fact that not more than one search occurred. Whether the previous search was the result of a search warrant or the result of the consent of the defendants is not a factor that of itself would make a difference in the issuing judge’s finding that there was a fair probability that marijuana would be found again in the defendants’ home. Furthermore, whether the previous discovery of marijuana occurred once or more than one time should not weigh against the decision that there existed probable cause to suspect that *541 marijuana would be found at the Solomons’ residence. By correcting the one sentence at issue, the affidavit is sufficient to establish probable cause to issue a search warrant.
The defendants also attack the affidavit because there is no mention that the confidential informant saw marijuana at the Solomons’ residence. The defendants contend that there is nothing in the affidavit which indicates that drugs would be found in the Solomon home. In State v. Mena, 399 So.2d 149, 152 (La.1981), the Louisiana Supreme Court addressed the issue of the sufficiency of an affidavit to search a home not specifically stating that drugs were seen in the home:
Although the affidavit in the instant case does not contain any averment of firsthand information that cocaine would be found at 3617 Delgado, the fourth amendment does not make such information essential. All that is required is that the affidavit, interpreted in a commonsense and realistic manner, contain information which would warrant a person of reasonable caution to believe that the articles sought are located at the place to be searched. State v. Baker, supra; State v. Guidry, 388 So.2d 797 (La.1980). The undercover agent was told by Woodard that he had to get his cocaine from his connection. Agents then observed Woodard drive to 3617 Delgado. A short time later, Woodard was observed leaving the apartment at 3617 Delgado accompanied by Mena. The two drove straight to the meeting place with the undercover agent who was then shown the cocaine. After his arrest, Woodard told officers that “he was scoring his cocaine from Mena and that there was another occupant at Mena’s residence awaiting their return.” It was reasonable for the officers and the magistrate to infer that Woodard obtained his cocaine from Mena at 3617 Delgado and that Mena would store his illicit drugs at the location identified by Woodard to be Mena’s residence.
The rule that the affidavit does not necessarily have to state that drugs were actually seen in the location to be searched has been applied consistently since Mena. See State v. Evins, 626 So.2d 480 (La.App. 3 Cir.1993); State v. Tilley, 525 So.2d 716 (La.App. 1 Cir.1988); State v. Slaid, 508 So.2d 597, (La. App. 2 Cir.), writ denied, 513 So.2d 819 (La.1987); and State v. Lachney, 436 So.2d 1^645 (La.App. 3 Cir.), writ denied, 440 So.2d 729 (La.1983). Therefore, the defendants’ argument that the affidavit is invalid since it does not state that the confidential informant actually saw the drugs in the Solomon residence is meritless. The fact that the confidential informant said there was a quantity of marijuana in the Harrelson home does not necessarily render the affidavit insufficient, since the officer said that both the Harrelsons and the Solomons had been under surveillance and the information the police had received was that the Harrelsons were selling marijuana on behalf of the Solomons. This is supported by the fact that the Solo-mons’ home had been searched previously and marijuana had been found by the police. This information is sufficient for the issuing judge to make a practical, commonsense decision that given all the circumstances set forth in the affidavit there was a “fair probability” that evidence of a crime would be found in the Solomon home. We conclude the issuing judge was presented with sufficient information to find probable cause to believe that marijuana would be found in the residence of the Solomons.
The task of the reviewing court is simply to insure that the judge had a “substantial basis” for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 239—41, 103 S.Ct. 2317, 2322—23, 76 L.Ed.2d 527 (1983); State v. Lingle, 436 So.2d 456, 460 (La.1983). An affidavit supporting a search warrant is presumed valid and the defendant shall have the burden of proving it is not valid. La.Code Crim.P. art. 703(D). In doubtful cases, preference should be given to upholding the validity of a search warrant so as to encourage law enforcement officers to submit evidence to a judicial officer before acting. State v. Williams, 608 So.2d 266, (La.App. 3 Cir.1992), citing State v. Watson, 423 So.2d 1130 (La.1982), cert, denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
*542 The trial court properly denied the defendants’ motion to suppress.
WRIT DENIED.